PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

United States Courts
Southern District of Texas
FILED

**DEC 0 7 2020**

David J. Bradley, Clerk of Court

# IN THE UNITED STATES DISTRICT COURT

FOR THE ___SOUTHERN___ DISTRICT OF TEXAS

___GALVESTON___ DIVISION

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

___Leonard Farrell Willis___
**PETITIONER**
(Full name of Petitioner)

___John M. Wynne State Farm___
**CURRENT PLACE OF CONFINEMENT**

vs.

___No. #02144867___
**PRISONER ID NUMBER**

BOBBY LUMPKIN, Director,
Texas Department of Criminal Justice-
Correctional Institutions Division.

**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

**CASE NUMBER**
(Supplied by the District Court Clerk)

### INSTRUCTIONS - READ CAREFULLY

1.  The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.  Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3.  Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4.  If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?**  (Check <u>all</u> that apply)

☑ A judgment of conviction or sentence,    (Answer Questions 1-4, 5-12 & 20-25)
　 probation or deferred-adjudication probation.
☐ A parole revocation proceeding.    (Answer Questions 1-4, 13-14 & 20-25)
☐ A disciplinary proceeding.    (Answer Questions 1-4, 15-19 & 20-25)
☐ Other:_____    (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack:  _405TH Judicial District Court, Galveston County, Texas._

2. Date of judgment of conviction:  _June 16, 2017_

3. Length of sentence:  _Forty (40) years confinement_

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: _No. #15-CR-1465/Sexual Assault_

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.   What was your plea? (Check one)   ☑ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6.   Kind of trial: (Check one)   ☑ Jury   ☐ Judge Only

7.   Did you testify at trial?   ☐ Yes   ☑ No

8.   Did you appeal the judgment of conviction?   ☑ Yes   ☐ No

9.   If you did appeal, in what appellate court did you file your direct appeal?   Fourteenth

   Court of Appeals _____   Cause Number (if known):   #14-17-00559-CR

What was the result of your direct appeal (affirmed, modified or reversed)?   Affirmed

What was the date of that decision?   April 30, 2019

If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

Grounds raised:   As presented in the instant petition

Result:   Refused

Date of result:   08/21/2019   Cause Number (if known): #PD-0514-19

If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

Result:   N/A

Date of result:   N/A

10.   Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal?  This includes any state applications for a writ of habeas corpus that you may have filed.   ☐ Yes   ☑ No

11.   If your answer to 10 is "Yes," give the following information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:

_____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.  Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?     ☐ Yes     ☑ No

   (a)  If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

_____

   (b)  Give the date and length of the sentence to be served in the future: _____

_____

(c)    Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?    ☐ Yes    ☑ No

## Parole Revocation:

13.    Date and location of your parole revocation: _____

14.    Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?    ☐ Yes    ☐ No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

## Disciplinary Proceedings:

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon?
☐ Yes    ☐ No

16.    Are you eligible for release on mandatory supervision?    ☐ Yes    ☐ No

17.    Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:

_____

Disciplinary case number: _____

What was the nature of the disciplinary charge against you? _____

18.    Date you were found guilty of the disciplinary violation: _____

Did you lose previously earned good-time days?    ☐ Yes    ☐ No

If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:

_____

Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:

_____

_____

_____

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
☐ Yes    ☐ No

If your answer to Question 19 is "Yes," answer the following:

Step 1  Result: _____

Date of Result: _____

Step 2  Result: _____ _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

20.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Summarize briefly the facts supporting each ground.  If necessary, you may attach pages stating additional grounds and facts supporting them.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A.    **GROUND ONE:** ___ Attached hereto _____

_____

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

B.    **GROUND TWO:** ___ Attached hereto _____

_____

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

C.    **GROUND THREE:**    Attached hereto

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

D.    **GROUND FOUR:**    Attached hereto

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

21.    Relief sought in this petition:  It is requested that the judgment and/or sentence of the State court in all be vacated and reversed for a New Trial. The Petitioner requests any other relief to which he may be entitled by this petition in equity or at law.

GROUND ONE: Petitioner was deprived of his constitutional rights
under the 6TH and 14TH Amendment to the United States Constitution
because the Jury Charge was constitutionally deficient by failing
to require the jury to return an unanimous verdict as to why
consent was lacking an essential element of the offense charged.

FACTS SUPPORTING GROUND ONE: Petitioner was charged with the
alleged offense of Sexual Assault. (CR.Vol.I; p. 7). The indictment
alleged that the Petitioner "did then and there intentionally
or knowingly cause the penetration of the sexual organ of Megan
Summers by defendant's sexual organ, without the consent of Megan
Summers". The Jury Charge instructed the jury that "A person commits
the offense of sexual assault if he intentionally or knowingly
causes the penetration fot eh sexual organ of another person
by any means, without that person's consent," and that "Sexual
Assault is without the consent of the other person if (1) the
other person has not consented and the acto knows the other person
is unconscious or physically unable to resist; or (2) the other
person has not consented and the actor knows the other person
is unaware that the sexual assault is occurring." (CR.Vol.I; p.
226). The Application Paragraph of the Jury Charge authorized
the jury to convict the Petitioner "if they found from the evidence
beyond a reasonable doubt that the Petitioner did then and there
intentionally or knowingly cause the penetration of the sexual
organ of Magan Summers by the defendant's sexual organ, without
the consent of Megan Summers, then they would find the Petitioner
guilty of sexual assault as charged in the indictment. (CR.Vol.I;
p. 229), (RR.Vol.XI; pp. 30-32). In the State's closing argument
to the jury, the prosecution argued that the alleged victim did
not have to say no, because she had already been raped, that
the rape began while she was asleep, and that the alleged victim
could not consent while unaware, when unconscious, when passed
out drunk. (RR.Vol.XI; p. 37). The jury was not required to
unanimously agree upon which mode and theory of prosecution as
to why consent was lacking. Six (6) members of the jury could
have found that consent was lacking because (1) the alleged victim
did not consent because the Petitioner knew the alleged victim
was unconscious or physcially unable to resist, and the other
Six (6) members of the jury could have found (2) that the alleged
victim did not consent because the Petitioner knew the alleged
victim was unaware that the sexual assault was occurring, thus,
preventing an unanimous verdict.

GROUND TWO: Petitioner was deprived of his constitutional rights under the 6TH and 14TH Amendments to the United States Constitution because the Jury Charge fail to authorize the jury to convict the Petitioner for the alleged offense of sexual assault when the theory of law as to why consent was lacking was not applied to the facts of the case in the Application Paragraph of the Jury Charge.

FACTS SUPPORTING GROUND TWO: Petitioner was charged with the alleged offense of Sexual Assault. (CR.Vol.I; p. 7). The indictment pled that the Petitioner "did then and there intentionally or knowingly cause the penetration of the sexual organ of Megan Summers by the Petitioner's sexual organ, without the consent of Megan Summers." The Jury Charge instructed the jury on the law applicable to the offense charged, in that "A person commits the offense of sexual assault if he intentionally or knowingly causes the penetration of the sexual organ of another person by any means, without that person's consent, and that sexual assault is without the consent of the other person, if (1) the other person has not consented and the actor knows the other person is unconscious or physically unable to resist; or (2) the other person has not consented and the actor knows the other person is unaware that the sexual assault is occurring." (CR.Vol.I; p. 226). The Application Paragraph of the Jury Charge authorized the jury to convict the Petitioner, "if the found from the evidence beyond a reasonable doubt that the Petitioner did then and there intentionally or knowingly cause the penetration of the sexual organ of Megan Summers by the Petitioner's sexual organ, without the consent of Megan Summers, then they would find the Petitioner guilty of sexual assault as charged in the indictment. (CR.Vol.I; pp. 226-227). The Application Paragraph of the Jury Charge did not require the jury to find why consent was lacking under either theory or mode of prosecution.in order to convict the Petitioner for the alleged offense of sexual assault.

GROUND THREE: Petitioner was deprived of his constitutional rights under the 6TH and 14TH Amendments to the Untied States Constitution because the indictment and/or charging instrument fail to charge the Petitioner with the commission of an offense, provide the Petitioner with notice of the offense charged, and invoke the jurisdiction of the trial court.

FACTS SUPPORTING GROUND THREE: The Petitioner was purportedly charged with the alleged offense of Sexual Assault. (CR.Vol.I; p. 7). The indictment and/or charging instrument pled that the Petitioner "did then and there intentionally or knowingly cause the penetration of the sexual organ of Megan Summers by the Petitioner's sexual organ, without the consent of Megan Summers." Under Texas law, a person commits the offense of sexual assault if he intentionally or knowingly causes the penetration of the sexual organ of another person by any means without that person's consent. Under Texas law the act of sexual assault is without the consent of the other person if (1) the other person has not consented and the actor knows the other person is unconscious or physically unable to resist; or (2) the other person has not consented and the actor knows the other person is unaware that the sexual assault is occurring. The indictment and/or charging instrument did not explicitly and/or specifically plead why consent was lacking an essential element, theory, and mode of prosecution that deprived the Petitioner of his rights to notice of the offense charged, fail to charge the Petitioner with the commission of an offense under Texas law, and fail to invest the trial court with subject matter jurisdiction.

GROUND FOUR: Petitioner was deprived of his constitutional rights under the 6TH and 14TH Amendments to the United States Constitution because the Petitioner is actually innocent of the sentence imposed because the State's Notice or Indictment did not permit or authorize the Petitioner to be punished as a Habitual Offender under Texas law.

FACTS SUPPORTING GROUND FOUR: The indictment and/or charging Instrument at its Caption or Heading merely stated that the Petitioner was being charged with the alleged offense of sexual assault. (CR.Vol.I; p. 7). The indictment and/or charging instrument alleged two (2) Enhancement Paragraphs that pled, that prior to the commission of the afresaid offense (hereafter styled the primary offense) on the 31st day of July 1990, in Cause Number 48298-2 in the 252nd District Court of Jefferson County, Texas, the Petitioner was convicted of the felony offense of Burglary of a Building. The Second Enhancement Paragraph pled that prior to the commission of the primary offense, and after the conviction in Cause Number 48298-2 was final, the Petitioner committed the felony offense of Burglary of A Habitation and was convicted on the 9th day of March 1994, in Cause Number 26905 in the 300th District Court of Brazoria County, Texas. (CR.Vol.I; p. 7). The indictment and/or charging instrument did not allege and/or state that the Petitioner would be punished as a Habitual Offender or that the State was seeking to punish the Petitioner as a Habitual Offender under the Texas habitual sentencing scheme. The State filed a Notice of Intent to Introduce Prior Felony Convictions for the purpose of enhancement of punishment of the present offense. (RR.Vol.XII; p. 6). The State's notice provided that it was only seeking to enhance the punishment of the offense for which the Petitioner had been convicted and not that it was seeking to punish the Petitioner as a habitual offender for the offense which he had been convicted.  (CR.Vol.I; p. 41). The Petitioner was charged with a second degree felony that carried a punishment range of not less than 2 years or more than 20 years confinement. Under the Enhancement provisions of Texas law, the range of punishment would have been enhanced to a first degree felony that carried a punishment of not less than 5 years or more than 99 years or life confinement. As a habitual offender the minimum range of punishment was not less than 25 years and the maximum range of punishment was not more than 99 years or life confinement. The Petitioner plead not true to the enhancement allegations. (RR.Vol.VII; pp. 5-7). The trial court sentenced the Petitioner pursuant to the Texas habitual sentencing scheme as a habitual offender. (RR.Vol.VII; p. 64).

GROUND FIVE: Petitioner was deprived of his constitutional rights under the 6TH and 14TH Amendments to the United States Constitution because the trial court excluded evidence of the alleged victim's prior sexual activity that was material to the defensive theory of consent and which was not offered for the purpose of impeaching the credibility of the alleged victim.

FACTS SUPPORTING GROUND FIVE: During the Petitioner's trial, the Petitioner sought to introduce evidence that showed that the alleged victim had made a false sexual assault claim against a foreign exchange student when she was fourteen (14) years old. During a hearing outside the presence of the jury, the alleged victim testified that when she was thirteen or fourteen and attending High School in Oklahoma, a foreign exchange student had raped and beaten her, and that the incident occurred during a party at a friend's house. In a statement to law enforcement the alleged victim stated that a friend of hers found her in a ditch on the morning after the alleged rape. However, during the hearing, testified that her friend did not find her in a ditch, but that she had walked to the friend's house after she initially had fled and taken refuge in a ditch. Further, the alleged victim had also told law enforcement that she was wearing only a bra and sweatpants when her friend had found her. Contrary to this testimony, the alleged victim testified that she had called for help and that someone came to help, interrupting the rape. The allged victim then furthered that nobody came to help and that her friend had walked in and asked her to put cloths on and walked out of the room and that the alleged perpetrator sat on the bed while she put her cloths on. The evidence of the alleged victim's prior sexual encounter was not evidence of the alleged victim's past sexual conduct but was evidence to show that the alleged victim had previously made bald assertions in the past of being raped which was directely related to the alleged victim's bias or motive for claiming that she had been sexually assaulted by the Petitioner, in that she did not consent. The evidence was constitutionally required as part of proof that consent was not lacking.

GROUND SIX: Petitioner was deprived of his constitutional rights
under the 6TH and 14TH Amendments to the United States Constitution
because trial counsel and appellate counsel fail to provide the
Petitioner with reasonable effective assistance of counsel.

FACTS SUPPORTING GROUND SIX: (1) trial counsel was ineffective
by failing to subpoena and call as witnesses on behalf of the
Petitioner's defense, Anthony Langford, Crystal Stephens, and Victoria
Willis, when such testimony was relevant and material to the
credibility of the alleged victim that the alleged sexual encounter
between her and the Petitioner was non-consensual and of which
had a bearing on the alleged victim's propensity to always claim
that she has been sexually assaulted. In written statements witnesses
Anthony Langford and Vitoria Willis, who were available to testify
on behalf of the Petitioner, would have testified that the alleged
victim has claimed to have been sexually assaulted or raped by
every guy that she had ever been with and that her current boyfriend,
Brian LeBlanc. There is no plausible trial strategy that would
justify trial counsel's failure to subpoena and call as witnesses
Anthony Langford and Victoria Willis. Further, trial counsel
fail to subpoena and call as a witness on behalf of the Petitioner's
defense, Crystal Stephens, who was available to testify on behalf
of the Petitioner, would have testified that she knew that the
Petitioner did not rape or sexually assault the alleged victim
because the Petitioner has libido issues, and if anything, the
alleged victim was flirting with the Petitioner. There is no
plausible trial strategy that would justify trial counsel's failure
to subpoena and call as a witness Crystal Stephens. (CR.Vol.I;
pp. 140, 152). The acts and omissions of trial counsel undermined
the reliability of the finding of guilt. (2) trial counsel was
ineffective by failing to object and contest the testimony of
several witnesses for the State as to whether they were testifying
as a Fact Witness, Fact and Expert Witness, or as an Expert Witness
only. The State presented the testimony of three (3) individuals,
Sallie Wester, a Therapist with the Resourse and Crisis Center;
Nellie Loewen and Angela Smith who were addressed as Sexual Assault
Nurse Examiners. The State did not move to qualify any of the
witnesses as experts and trial counsel did not object and call
into question any of the witnesses qualifications to testiy as
an expert witness under Rule 702 of the Texas Rules of Evidence.
The matter of whether the witnessess were testifying as a fact
witness, fact and expert witness, or as an expert witness had
a significant bearing on the testimony that could have been advanced
by the State witnesses. As a fact witness the witnesses could
have only related to the alleged victim's account of the purported
assault under the Medical Hearsay Exception, not for the truth
of it, but to explain how the account guided their medical examination
and evidence collection. If, qualified as an expert, the witness
may testify as a fact witness about anything said or observed
during the examination and, as an expert, offer a limited opinion
as to the cause of any injuries observed, however, the witness
cannot opine as to the ultimate issue of fact. Whether testifying
as a fact witness or as an expert such witnesses can never offer
an opinion as to a defendant's guilt or innocence. Sexual Assault

and Consent are legal conclusions, not medical diagnoses that
can be determined from a medical examination. The State's witnesses
were allowed to opine as to the Petitioner's guilt without objection
by trial counsel, and the witnesses inferred that the sexual
encounter between the Petitioner and alleged victim was not consensual
which was the only disputed issue. The reasons for believing
that the alleged victim did not consent was based on the injuries
purportedly sustained by the alleged victim noted during the
examination and the statements of the alleged victim. Further,
trial counsel did not object as to whether the testimony offered
was relevant and scientifically reliable and would assist the
jury upon the issue of whether consent was lacking. Trial counsel's
failure to object fail to preserve error that could have been
raised during the Petitioner's direct appeal. There is no plausible
trial strategy that would justify trial counsel's failure to
object and contest the qualifications of the State's witnesses
and testimony. The acts and omissions of trial counsel underminded
the reliability of the finding of guilt. (4) trial counsel was
ineffective by failing to impeach the alleged victim with prior
inconsistent statement(s) that she made that would have called
into question not only the credibility of the alleged victim,
but also as to the issue of whether consent was lacking. In a
Email from the prosecutor on January 09, 2007, (CR.Vol.I; p.
140), it was provided that the alleged victim had made a statement,
stating that when she first woke up she didn't know who was on
top of her. She questioned if it was Anthony Langford before
realizing that it was the Petitioner. In a written statement
given to Dective Sergeant, Bow Chunis on October 15, 2014, the
alleged victim stated that when she woke up there was a man on
top of her, and that she did not know who it was, that her cloths
were gone and his penis was inside of her vagina. After a couple
of minutes the man got off her and left the room. She stated
that she did not initially know who it was, but she caught a
glimpse of him as he was leaving the room. She stated that she
got up and put her cloths back on and went outside and was sitting
on the porch when the Petitioner came outside and thats when
she realized that it was the Petitioner on top of her. During
the Petitioner's trial the alleged victim testified, that she
was taken to the guess room and was laid down to go to sleep,
and that the next thing she remembered was waking up and "he"
was on top of her and her cloths were gone, that she did not
know who it was, and that the only thing she had on was her underwear.
She testified, that it was later on that she figured out who
it was, because after he finished, he walked off to the bathroom
and grabbed a wash cloth and brought it back to her to clean
with. She figured out who it was when "he" went to the bathroom
because the light had shown on his face. Trial counsel did not
make any attempt to impeach the alleged victim with these prior
inconsistent statements that would have called into question
credibility of the alleged victim that had a bearing on whether
consent was lacking, or as to whether a sexual assault ever occurred
for that matter. There is no plausible trial strategy that would
justify trial counsel's failure to impeach the alleged victim
with the prior inconsistent statements as they were material

(5) trial counsel was ineffective by failing to object to the admissibility of the Phone Records that were introduced into evidence by State of the Petitioner and the alleged victim, and as to other phone records on the grounds that the State never laid the predicate for the introduction of the phone records, that the phone records were never properly authenticated, and relevency of the phone records. There is no plausible trial strategy that would justify trial counsel's failure to object to the phone records. (6) trial counsel was ineffective by failing to object to the trial court's admonishment and sentencing of the Petitioner as a Habitual Offender under the Texas habitual sentencing scheme, because there was no Notice of the fact that the State was seeking to have the Petitioner sentenced as a habitual offender but as a repeat offender. There is no plausible trial strategy that would justify trial counsel's failure to object to the way the Petitioner was being sentenced. (7) trial counsel was ineffective by failing to object to the Indictment because it fail to charge the Petitioner with the commission of an offense and/or specifically plead one of the two theories as to why consent was lacking; by failing to object to the Jury Charge, because the charge lessen the State's burden of proof by not requiring the jury to find why consent was lacking because it was not contained in the Application Paragraph of the Jury Charge; and by failing to object to the Jury Charge because it did not rquire the jury to return a unanimous verdict as to why consent was lacking. The failure to object fail to preserve error for the Petitioner's direct appeal. There is no plausible trial strategy that would justify trial counsel's failure to object to the Indictment and Jury Charge. (8) trial counsel was infeffective because trial counsel fail to convey to the Petitioner a fifteen (15) year plea offer by the State. (CR.Vol.I; p. 199). The Petitioner was never made aware of the plea offer and learned of the offer upon receiving a copy of the record wherein trial counsel was informed about the offer and whether something could be done and an agreement could be reached. The record does not reflect a reply from trial counsel on this matter. Had the Petitioner been informed about the plea offer, the disadvantages and advantages of accepting the offer or not accepting the offer, the Petitioner would have accepted the plea offer. The Petitioner was not allowed to bring such offer before the trial court for consideration. Notwithstanding, according to trial counsel, Paul H. Doyle, there was a plea offer of five (5) years that was rejected by trial counsel Bret Griffin without first having consulted with the Petitioner about this offer. Had the Petitioner been informed of the offer, the Petitioner would have accepted it, notwithstanding, the Petitioner was not allowed to bring the offer before the trial court for consideration. There is no plausible trial strategy for trial counsel(s) not to convey the plea offers to the Petitioner and explain the advantages and disadvantages there.

Appellate counsel was ineffective by failing to brief and argue on the Petitioner's direct appeal the substance of Jury Charge error although not objected to by trial counsel because the issue would have also went to the sufficiency of the evidence to support the Petitioner's conviction for the alleged offense

of sexual assault where the Jury Charge did not authorize the jury to convict the Petitioner for the alleged offense of sexual assault because one of the two (2) modes or elements of the offense charged as to why consent was lacking was not contained in the Application Paragraph of the Jury Charge, and which lessen the burden of proof for the State to prove why consent was lacking.

Appellate counsel was ineffective by failing to brief and argue on the Petitioner's direct appeal the substance of the trial court's jurisdiction on the basis that the indictment fail to invoke the jurisdiction of the trial court because the indictment fail to charge the Petitioner with the commission of an offense because it did not contain an essential element of the offense as to why consent was lacking.

Appellate counsel was ineffective by failing to brief and argue on the Petitioner's direct appeal the substance of the Petitioner's punishment proceedings where the trial court sentenced the Petitioner pursuant to the Texas Habitual Sentencing Scheme when the indictment or the State notice alleged that the Petitioner was to be sentenced as a habitual offender.

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?   ☐ Yes   ☑ No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?   ☐ Yes   ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes   ☑ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☑ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)   At preliminary hearing:   N/A

(b)   At arraignment and plea:   Paul Doyle and Trevor Sharon

(c)   At trial: Paul Doyle and Trevor Sharon

(d)   At sentencing:   Paul Doyle and Trevor Sharon

(e)   On appeal:   Timothy A. Hootman

(f)   In any post-conviction proceeding:   Chris Self

–8–

(g)    On appeal from any ruling against you in a post-conviction proceeding:  N/A _____

_____

**Timeliness of Petition:**

26.    If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

_____

_____

_____

_____

_____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____

Signature of Attorney (if any)

_____


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

November 13, 2020 _____ (month, day, year).


Executed (signed) on November 13, 2020 _____ (date).

_____

Signature of Petitioner (required)
Leonard Farrell Willis

Petitioner's current address: John M. Wynne State Farm, 810 F.M. 2821, West Hwy. 75, N., Huntsville, Texas. 77349-0005   (No. #02144867)